# EXHIBIT "A"

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1    U.S. Government
         Plaintiff

❑ 3    Federal Question
         *(U.S. Government Not a Party)*

❑ 2    U.S. Government
         Defendant

❑ 4    Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | | | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1 Original Proceeding    ❑ 2 Removed from State Court    ❑ 3 Remanded from Appellate Court    ❑ 4 Reinstated or Reopened    ❑ 5 Transferred from Another District *(specify)*    ❑ 6 Multidistrict Litigation - Transfer    ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❑ Yes    ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE                                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Raymond Thompson, | ) | C.A. No.:  2025-CP-23- |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| New Aspen Management d/b/a GVA, | ) | |
| James Glenn Mayhew, M. Pittman, T.J. Kellett | ) | |
| and Simpsonville Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**TO: THE ABOVE-NAMED DEFENDANTS**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 2722 W. Whitner Street, Anderson, SC 29626, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

<u>**s/Donald L. Smith**</u>_____
Donald L. Smith, (SC Bar#6699)
Attorney for Plaintiff
2722 West Whitner Street
Anderson SC 29626
Telephone: (864) 642-9284
Facsimile:  (864) 642-9285
attorneydonaldsmith@gmail.com

Anderson, South Carolina
February 11, 2025.

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Raymond Thompson, | ) | C.A. No.:  2024-CP- |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | (JURY TRIAL REQUESTED) |
| New Aspen Management d/b/a GVA, | ) | |
| James Glenn Mayhew, M. Pittman, T.J. Kellett | ) | |
| and Simpsonville Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Raymond Thompson, by and through his undersigned counsel, complaining of the Defendants herein, respectfully alleges and shows unto the Court that:

Plaintiff brings this Complaint under 42 USC §1983 for damages resulting from the deprivation of civil rights inflicted upon Plaintiff by Defendants.

**PARTIES**

1. That Plaintiff Raymond Thompson (hereinafter referred as "Plaintiff") is an individual who is a resident of Greenville County, State of South Carolina.

2. That Defendant Simpsonville Police Department (hereinafter referred to as "Simpsonville PD") is a political subdivision of the State of South Carolina and subject to the South Carolina Tort Claims Act, South Carolina Code § 15-78-30(c).

3. That Defendant T J Kellett (hereinafter referred to as "Kellett") is a law enforcement officer for the Simpsonville PD.  At all times relevant, Kellett was acting under color of law and in the course and scope of his employment as a law enforcement officer with Simpsonville PD.

4. That Defendant Matthew Pittman (hereinafter referred to as "Pittman") is a law enforcement officer for the Simpsonville PD.  At all times relevant, Pittman was acting under

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

color of law and in the course and scope of his employment as a law enforcement officer with Simpsonville PD.

5.     That Defendant New Aspen Management d/b/a GVA (hereinafter referred as "New Aspen"), is a property management corporation which conducts significant business in the County of Greenville, State of South Carolina.

6.     That Defendant James Glenn Mayhew (hereinafter referred to as Mayhew) is an individual who is/was a citizen and resident of Greenville County, State of South Carolina.

## JURISDICTION AND VENUE

7.     That jurisdiction and venue are proper in this judicial circuit pursuant to S.C. Code Ann. §15-7-30(B).

8.     That Venue of is proper because Defendants are citizens and residents in this County and the acts or omissions giving rise to Plaintiff's claims occurred in Greenville County.

## STATEMENT OF FACTS

9.     That Plaintiff was working as a maintenance man at New Aspen located in Greenville County.

10.    That while employed there, Plaintiff dealt with the properties' appliances.

11.    That there was a buildup of excess appliances that were no longer in use.

12.    That Plaintiff recognized the excess and sought permission from his supervisor to take the excess for scrap.

13.    That Justin Shockley, his supervisor, granted him permission to do so.

14.    That Plaintiff removed the appliances from the property.

15.    That Mayhew, who was aware of the permission granted by Shockley, reported Plaintiff to the police.

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

16.    That Plaintiff, who had retired from his 20-year career in law enforcement, was arrested for Breach of Trust Greater than $2,000.00 and 2nd Degree Burglary.

17.    That Defendant Pittman did no investigation, merely parroting what Mayhew had told him.

18.    That Mayhew videoed Plaintiff taking the appliances but failed to share the fact he had permission.

19.    That Mayhew, with he help of his fellow defendants, ruined a solid reputation built on a career in pubic service.

20.    That Plaintiff is entitled to recover significant actual and punitive damages for the reckless actions of Defendants.

**FOR A FIRST CAUSE OF ACTION**
**Violation of 42 USC §1983**
**Unlawful Arrest and False Imprisonment**

21.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-20, above.

22.    That M. Pittman, while acting as an agent and employee for Defendant Simpsonville PD in his capacity as a police officer, owed a duty to Plaintiff to perform a thorough and diligent investigation of the alleged crimes.

23.    That by the facts and actions described below, Defendants failed to establish probable cause for Plaintiff's arrest:

a.    By conducting a haphazard investigation as to the burglary;
b.    By failing to interview Mr. Thompson;
c.    By failing to interview Mr. Shockley;
d.    By failing to do an independent investigation regarding Mr. Thompson's law enforcement background; and
e.    By arresting first and asking questions later.

24.    That Defendants acted with malice or intent to harm Plaintiff when they did no

independent investigation. Mayhew misrepresented that Plaintiff stole the used appliances, which were out of commission.

25.    That due to Mayhew's misrepresentations, Pittman obtained an arrest warrant for Plaintiff.

26.    That Plaintiff's confinement and arrest was unreasonable as it was based on false statements and as such, the arrest was conducted without probable cause.

27.    That while Defendant Pittman was acting under color of law as a deputy officer of Defendant Simpsonville PD, he deprived Plaintiff of the rights secured to him under the Fourth Amendment to the United States Constitution.

28.    That the conduct of Defendant Pittman, Defendant Kellett and Simpsonville PD violated Plaintiff's established rights to be free from unreasonable and unlawful arrest and imprisonment as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 USC §1983 provides a remedy.

29.    That as a direct and proximate result of the reckless, willful and wanton acts of all Defendants, Plaintiff suffered mental distress, humiliation and other emotional injuries, all to his damages, in an amount to be proven at trial.

**FOR A SECOND CAUSE OF ACTION**
**Malicious Prosecution**

30.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-30 above.

31.    That Defendants Hill, Kellett and Simpsonville PD, commenced the institution of the burglary charges against Plaintiff by arresting him, despite the fact Plaintiff's withdrawal of the appliances had been approved by his superior.

32.    That Plaintiff's charges hovered over him until 2024 when they were dismissed

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

without an indictment being presented by the State.

33.    That the detention, arrest and prosecution of Plaintiff were without probable cause, and/or were presented under false representation.

34.    That there was malice in the institution of the case against Plaintiff since Pittman, Kellett, and Simpsonville PD, deliberately, willfully and wantonly disregarded and overlooked the Plaintiff's explanation for the acquisition of the appliances.

35.    That as a direct and proximate result of the reckless, willful and wanton acts of Defendants, Plaintiff sustained mental distress, humiliation and other emotional injuries, all to his damage, in an amount to be proven at trial.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**Negligent Hiring, Negligent Retention, Negligent Supervision, and**
**Negligent Infliction of Emotional Distress**
**(Defendants New Aspen Management d/b/a GVA and Simpsonville Police Department)**

36.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-35 above.

37.    That at all times relevant, Defendants Simpsonville Police Department and New Aspen had a duty to properly train, supervise, and discipline their employees or agents.

38.    That Defendants breached that duty, in part by:

   a.   Improperly training, authorizing, encouraging or directing officers on proper use of investigation tools;

   b.   Failing to investigate the allegations of burglary;

   c.   Failing to discipline officers for violations of policy related to investigations of burglary;

   d.   Failure to address racially motivated practices; failure to discipline for racially motivated practices; failure to provide training to eradicate racially motivated

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

practices; and

e. Fostering and facilitating a racially biased culture which pervades the department.

39.     That the policy, pattern of practice, or custom of condoned misconduct is implicitly or blatantly sanctioned, as evidenced by the conduct of Mayhew and Pittman, and the Defendant corporate individuals' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiffs' constitutional rights.

40.     That this unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as Plaintiff.

41.     That Defendants Simpsonville PD and New Aspen failed to take adequate corrective actions to end this policy, pattern of practice, or customs within their respective entities.

42.     That by tolerating the misconduct, and the failure to end this policy, pattern of practice, or custom it was the proximate cause to the injuries suffered by Plaintiff.

43.     Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages.

44.     Defendants were negligent, careless, grossly negligent, and reckless in failing to adequately hire, train, and supervise its employees.

45.      The aforesaid failure by Defendants proximately caused injuries and damages to the Plaintiff.

46.     Plaintiff is informed and believes that he is entitled to a judgement against Defendants, jointly and severally, for actual and punitive damages in such fair, just and reasonable amount as may be determined by the Trier of Fact.

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

## FOR A FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Stress

47.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-46 above.

48.     That by the act of misrepresenting evidence, arresting and incarcerating Plaintiff without reasonable grounds and with no probable cause, and despite the implicit knowledge that Plaintiff had permission to take the appliances, Defendants intended to cause and did cause him to suffer severe emotional distress.

49.     That the actions of Defendants were done with willful, wanton and reckless disregard as to whether the accusations of burglary and the statements relayed to the judge were false or incomplete.

50.     That considering Defendants intentionally provided incomplete information to the judge to procure an arrest warrant, the conduct exceeded possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

51.     That the failure of Defendant Pittman to conduct a thorough investigation and failure to adhere to policy and procedure resulted in Plaintiff's intentional infliction of emotional stress.

52.     That to the extent that said outrageous conduct was perpetrated by any of the Defendants, those remaining adopted and ratified said conduct with a wanton disregard for the harmful consequences to Plaintiff.

## FOR A FIFTH CAUSE OF ACTION
### Slander/Defamation Per Se

53.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-52 above.

54.    Defendants unlawfully arrested and/or caused Plaintiff to be unlawfully arrested.

55.    Defendants knew or should have known the arrest was unlawful and improper.

56.    Defendants' actions towards Plaintiff were reckless and/or consciously indifferent to the rights of the Plaintiff.

57.    Defendants' actions in unlawfully arresting, publicly searching, handcuffing, and assaulting Plaintiff caused a public spectacle thus injuring Plaintiff's reputation and standing in the neighborhood and the community at large.

58.    As a direct and proximate cause of Defendants' actions, Plaintiff has experienced and suffered actual, consequential, and special damages including but not limited to substantial injury to his personal reputation and standing in the community,

59.    Plaintiff hereby demands judgment against Defendants and seek actual, special, consequential damages, and punitive damages in a reasonable amount as determined by a jury, and costs and attorneys' fees.

## PRAYER FOR RELIEF

Plaintiff has no way to redress the wrongs suffered as set forth in this complaint. Plaintiff has suffered irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein. Plaintiff requests for a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure and prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the jury.

_s/Donald L. Smith_____
Donald L. Smith (SC Bar #6699)
Attorney for Plaintiff
2722 West Whitner Street
Anderson, SC 29626
Telephone: (864)642-9284
Facsimile: (864)642-9285
Email: attorneydonaldsmith@gmail.com

Anderson, South Carolina
February 11, 2025.

ELECTRONICALLY FILED - 2025 Feb 11 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

Raymond Thompson,

           Plaintiff,

vs.

James Glenn Mayhew, M. Pittman, T.J. Kellett and Simpsonville Police Department,

           Defendants.

IN THE COURT OF COMMON PLEAS
THIRTEENTH JUDICIAL CIRCUIT

CASE NO.:  2025-CP-23-00846

**ANSWER OF DEFENDANTS MATTHEW PITTMAN, T.J. KELLETT, AND SIMPSONVILLE POLICE DEPARTMENT**
**(Jury Trial Demanded)**

To:    Donald L. Smith, Esq., Attorney for Raymond Thompson

The Defendants, Matthew Pittman, T.J. Kellett, and Simpsonville Police Department, answering the Complaint of the Plaintiff, respond to the allegations as follows:

1.     These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 1 and, therefore, deny them.

2.     These Defendants admit the allegations of Paragraph 2.

3.     These Defendants admit the allegations of Paragraph 3.

4.     These Defendants admit the allegations of Paragraph 4.

5.     These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 5 and, therefore, deny them.

6.     These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 6 and, therefore, deny them.

7.     These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 7 and, therefore, deny them.

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

8. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 8 and, therefore, deny them.

9. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 9 and, therefore, deny them.

10. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 10 and, therefore, deny them.

11. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 11 and, therefore, deny them.

12. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 12 and, therefore, deny them.

13. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 13 and, therefore, deny them.

14. These Defendants admit, upon information and belief, the allegations of Paragraph 14.

15. In response to the allegations of Paragraph 15, these Defendants admit that a reported theft by the Plaintiff was reported to the police department. These Defendants lack sufficient information to form a belief regarding the allegations of Paragraph 15 and, therefore, deny them.

16. In response to the allegations of Paragraph 16, these Defendants admit that the Plaintiff was arrested and charged with Breach of Trust Greater than $2,000 and Second Degree Burglary. These Defendants lack sufficient information to form a belief regarding the remaining allegations of Paragraph 16 and, therefore, deny them.

17. These Defendants deny the allegations of Paragraph 17.

18.    In response to the allegations of Paragraph 18, these Defendants admit that the Plaintiff was videoed taking appliance from the Co-Defendant.    These Defendants lack sufficient information to form a belief regarding the remaining allegations of Paragraph 18 and, therefore, deny them.

19.    These Defendants deny the allegations of Paragraph 19 as they pertain to them.

20.    These Defendants deny the allegations of Paragraph 20.

21.    In response to the allegations of Paragraph 21, these Defendants reallege and reincorporate the preceding allegations as if fully repeated verbatim herein.

22.    In response to the allegations of Paragraph 22, these Defendants admit that Defendant Pittman has a duty as an employee of the Simpsonville Police Department to investigate alleged crimes.    These Defendants deny the remaining allegations of Paragraph 22.

23.    These Defendants deny the allegations of Paragraph 23.

24.    These Defendants deny the allegations of Paragraph 24.

25.    In response to the allegations of Paragraph 25, these Defendants admit that an arrest warrant was obtained for the Plaintiff.    These Defendants deny the remaining allegations of Paragraph 25.

26.    These Defendants deny the allegations of Paragraph 26.

27.    These Defendants deny the allegations of Paragraph 27.

28.    These Defendants deny the allegations of Paragraph 28.

29.    These Defendants deny the allegations of Paragraph 29.

3

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

30.     In response to the allegations of Paragraph 30, these Defendants reallege and reincorporate the preceding allegations as if fully repeated verbatim herein.

31.     These Defendants deny the allegations of Paragraph 31.

32.     These Defendants deny the allegations of Paragraph 32.

33.     These Defendants deny the allegations of Paragraph 33.

34.     These Defendants deny the allegations of Paragraph 34.

35.     These Defendants deny the allegations of Paragraph 35.

36.     In response to the allegations of Paragraph 36, these Defendants reallege and reincorporate the preceding allegations as if fully repeated verbatim herein.

37.     In response to the allegations of Paragraph 37, these Defendants admit that Defendant Simpsonville Police Department has a duty to properly train, supervise and discipline its employes.  These Defendants deny the remaining allegations of Paragraph 37 as they pertain to these Defendants.

38.     These Defendants deny the allegations of Paragraph 38 as they pertain to these Defendants.

39.     These Defendants deny the allegations of Paragraph 39 as they pertain to these Defendants.

40.     These Defendants deny the allegations of Paragraph 40.

41.     These Defendants deny the allegations of Paragraph 41 as they pertain to these Defendants.

42.     These Defendants deny the allegations of Paragraph 42 as they pertain to these Defendants.

4

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

43.     These Defendants deny the allegations of Paragraph 43 as they pertain to these Defendants.

44.     These Defendants deny the allegations of Paragraph 44 as they pertain to these Defendants.

45.     These Defendants deny the allegations of Paragraph 45 as they pertain to these Defendants.

46.     These Defendants deny the allegations of Paragraph 46 as they pertain to these Defendants.

47.     In response to the allegations of Paragraph 47, these Defendants reallege and reincorporate the preceding allegations as if fully repeated verbatim herein.

48.     These Defendants deny the allegations of Paragraph 48 as they pertain to these Defendants.

49.     These Defendants deny the allegations of Paragraph 49 as they pertain to these Defendants.

50.     These Defendants deny the allegations of Paragraph 50 as they pertain to these Defendants.

51.     These Defendants deny the allegations of Paragraph 51.

52.     These Defendants deny the allegations of Paragraph 52 as they pertain to these Defendants.

53.     In response to the allegations of Paragraph 53, these Defendants reallege and reincorporate the preceding allegations as if fully repeated verbatim herein.

54.     These Defendants deny the allegations of Paragraph 54 as they pertain to these Defendants.

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

55.     These Defendant deny the allegations of Paragraph 55 as they pertain to these Defendants.

56.     These Defendants deny the allegations of Paragraph 56 as they pertain to these Defendants.

57.     These Defendants deny the allegations of Paragraph 57 as they pertain to these Defendants.

58.     These Defendants deny the allegations of Paragraph 58 as they pertain to these Defendants.

59.     These Defendants deny the allegations of Paragraph 59 as they pertain to these Defendants.

60.     Each and every allegation of the Complaint which is not specifically admitted, qualified or explained is denied and strict proof is demanded thereof.

## FOR A FIRST DEFENSE
### (Reservation and Non-Waiver)

61.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

62.     These Defendants have not had an opportunity to conduct a thorough investigation or to engage in sufficient discovery regarding the circumstances of the Plaintiff's allegations.   Accordingly, these Defendants reserve the right to amend this Answer to assert additional defenses as may arise during the discovery process.

## FOR A SECOND DEFENSE
### (Lack of Proximate Cause)

63.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

64.     All or a portion of the Plaintiff's damages claimed in this case were not proximately caused by the subject motor vehicle collision, and this defense of lack of proximate cause is pled as a complete and total defense to all claims.

## FOR A THIRD DEFENSE
### (Punitive Damages Unconstitutional - Procedural Due Process)

65.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

66.     To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the Defendants to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A FOURTH DEFENSE
### (Punitive Damages Unconstitutional - Substantive Due Process)

67.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

68.     To the extent that the Complaint seeks punitive or exemplary damages, it violates these Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A FIFTH DEFENSE
### (Failure to State a Claim)

69.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

7

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

70.     The Complaint fails to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

## FOR A SIXTH DEFENSE
### (Failure to Mitigate Damages)

71.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

72.     That the Plaintiff has failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damages and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiff.

## FOR A SEVENTH DEFENSE
### (Comparative Negligence)

73.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

74.     That the injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of the Plaintiff, and recovery should be barred or reduced in proportion to the Plaintiff's negligence as provided by law.  That the Plaintiff was comparatively negligent in one or more of the following particulars:

        a.      In failing and omitting to use due care;

8

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

b.    In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing; and,

c.    Upon such additional grounds as shall become evident through discovery and further development of the facts and issues, reserving all rights to make such further objections or arguments as shall be warranted.

## FOR AN EIGHTH DEFENSE
### (Comparative Negligence Reduction)

75.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

76.    In the event the alleged negligence of these Defendants operated as a fifty (50%) percent or greater proximate cause of the accident, which is expressly denied and admitted solely for the purpose of this defense, these Defendants are entitled to a reduction of any amount awarded to the Plaintiff in an amount equal to that percentage of his negligence, recklessness, and carelessness.

## FOR A NINTH DEFENSE
### (Intervening & Superseding Negligence)

77.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

78.    That if these Defendants were negligent, which is specifically denied, the injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding negligence, carelessness, recklessness, willfulness and wantonness of others.  This defense is asserted as a complete and total defense to all claims.

## FOR AN TENTH DEFENSE

9

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

**(Bifurcated Jury Trial)**

79.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

80.     To the extent punitive damages are claimed, these Defendants demand a bifurcated jury trial pursuant to S.C. Code Ann. §15-32-200 et. seq. and that said damages, if any, are limited as provided in said act.

## FOR AN ELVENTH DEFENSE
### (Negligence of Third Party)

81.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

82.     The Plaintiff's alleged damages were directly and proximately caused by a party other than these Defendants, who cannot be held liable for the negligence of others.

## FOR A TWELFTH DEFENSE
### (South Carolina Tort Claims Act)

83.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

84.     The Defendants allege any and all limitations of liability provided by §15-78-120 of the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTEENTH DEFENSE
### (South Carolina Tort Claims Act)

85.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

10

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

86.     These Defendants assert any and all defenses and immunities pursuant to §15-78-70 of the <u>South Carolina Code of Laws</u>; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FOURTEENTH DEFENSE
### (South Carolina Tort Claims Act)

87.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

88.     These Defendants allege that the facts of the Plaintiff's Complaint does not fall within the definition of "loss" found in §15-78-30(f) of the <u>South Carolina Code of Laws</u>; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FIFTEENTH DEFENSE
### (South Carolina Tort Claims Act)

89.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

90.     These Defendants allege that the facts of the Plaintiff's Complaint do not fall within the definition of "occurrence" as provided in §15-78-30(g) of the <u>South Carolina Code of Laws</u>; therefore, the Plaintiff's Complaint should be dismissed.

## FOR SIXTEENTH DEFENSE
### (South Carolina Tort Claims Act)

91.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

92.     These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40.

## FOR AN SEVENTEENTH DEFENSE
### (South Carolina Tort Claims Act)

11

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

93.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

94.     These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40.

**FOR AN EIGHTEENTH DEFENSE**
**(South Carolina Tort Claims Act)**

95.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

96.     These Defendants are immune from suit pursuant to South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-50

**FOR A NINTEENTH DEFENSE**
**(South Carolina Tort Claims Act)**

97.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

98.     These Defendants are immune from suit pursuant to South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-100.

**FOR A TWENTIETH DEFENSE**
**(South Carolina Tort Claims Act)**

99.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

100.    These Defendants are entitled to all protections and immunities set forth in South Carolina Code Ann. § 15-78-60 and all subsections thereto.

**FOR A TWENTY-FIRST DEFENSE**
**(Sovereign Immunity)**

101.    The allegations contained in the preceding paragraphs are incorporated

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

herein as if fully repeated verbatim.

102.    These Defendants plead the defense of sovereign immunity as a bar to the Plaintiff's lawsuit.

## FOR A TWENTY-SECOND DEFENSE
### (Tort Claims Act)

103.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

104.    The Plaintiff's cause of action for intentional infliction of emotional distress does not constitute a loss as defined by § 15-78-30(f) of the South Carolina Code of Laws; therefore, said cause of action should be dismissed.

## FOR A TWENTY-THIRD DEFENSE
### (Qualified Immunity)

105.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

106.    These Defendants hereby assert that they are entitled to qualified immunity and the Plaintiff's Amended Complaint should be dismissed.

## FOR A TWENTY-FOURTH DEFENSE
### (Respondeat Superior)

107.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

108.    The Plaintiff's Amended Complaint against these Defendants is based on *Respondeat Superior* and therefore, barred pursuant to 42 U.S.C. § 1983.

## FOR A TWENTY-FIFTH DEFENSE
### (Reasonableness)

13

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

109. The allegations contained in the preceding paragraphs are incorporated as if fully repeated verbatim.

110. The actions of the employees of these Defendants were objectively reasonable in light of the existing law and therefore, these Defendants are entitled to immunity.

## FOR A TWENTY-SIXTH DEFENSE
### (Reasonable Use of Police Power)

111. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

112. These Defendants allege that all actions were a reasonable use of police power and therefore, Plaintiff's claims are barred as a matter of law.

## FOR A TWENTY-SEVENTH DEFENSE
### (Justification)

113. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

114. These Defendants plead justification as a bar in whole or in part to Plaintiff's claims.

**WHEREFORE**, having fully answered the Complaint of the Plaintiff, these Defendants pray for a trial by jury and that the Plaintiff's Complaint be dismissed, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

14

CLAWSON and STAUBES, LLC

*s/Trey Still*
Trey Still, Esq.
Bar No.:  74875
200 E Broad Street, Suite 450
Greenville, South Carolina  29601
Phone:     (864) 331-8940
Fax:        (864) 232-2921
Email:     trey@cslaw.com
Attorney for Defendants Matthew Pittman,
T.J. Kellett and Simpsonville Police Department

Greenville, South Carolina
August 29, 2025

15

ELECTRONICALLY FILED - 2025 Aug 29 4:47 PM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Raymond Thompson, | ) | C.A. No.: 2025-CP-23-00846 |
| | ) | |
| Plaintiff, | ) | **AMENDED SUMMONS** |
| vs. | ) | |
| | ) | |
| City of Simpsonville, M. Pittman, T.J. Kellett, | ) | |
| Simpsonville Police Department, and James | ) | |
| Glenn Mayhew, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO: THE ABOVE-NAMED DEFENDANTS**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 2722 W. Whitner Street, Anderson, SC 29626, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

*s/Donald L. Smith*_____
Donald L. Smith, (SC Bar#6699)
Attorney for Plaintiff
2722 West Whitner Street
Anderson SC 29626
Telephone: (864) 642-9284
Facsimile: (864) 642-9285
attorneydonaldsmith@gmail.com

Anderson, South Carolina
March 25, 2026.

1

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | THIRTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Raymond Thompson, | ) | C.A. No.:  2025-CP-23-00846 |
| | ) | |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| vs. | ) | |
| | ) | (JURY TRIAL REQUESTED) |
| City of Simpsonville, M. Pittman, T.J. Kellett, | ) | |
| Simpsonville Police Department, and James | ) | |
| Glenn Mayhew, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Raymond Thompson, by and through his undersigned counsel, complaining of the Defendants herein, respectfully alleges and shows unto the Court that:

Plaintiff brings this Complaint under 42 USC §1983 for damages resulting from the deprivation of civil rights inflicted upon Plaintiff by Defendants.

## **PARTIES**

1.     That Plaintiff Raymond Thompson (hereinafter referred as "Plaintiff") is an individual who is a resident of Spartanburg County, State of South Carolina.

2.   That Defendant James Glenn Mayhew (hereinafter referred to as Mayhew) is an individual who is/was a citizen and resident of Greenville County, State of South Carolina.

3.     That Defendant City of Simpsonville ("City") is a political subdivision of subdivision of the State of South Carolina as defined in S.C. Code Ann. §15-78-10 et. seq. During the time period set out in the Complaint, it is believed that this Defendant owned, operated and/or controlled the City of Simpsonville Police Department ("PD"). Further, during the time period set out in this Complaint, this Defendant was acting by and through its servants,

2

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

agents and/or employees who were operating within the course and scope of their officially assigned and/or compensated duties.

4.     That Defendant Simpsonville Police Department (hereinafter referred to as "SPD") is a political subdivision of the State of South Carolina and subject to the South Carolina Tort Claims Act, South Carolina Code § 15-78-30(c).

5.     That Defendant T J Kellett (hereinafter referred to as "Kellett") is a law enforcement officer for the SPD.  At all times relevant, Kellett was acting under color of law and in the course and scope of his employment as a law enforcement officer with SPD.

6.     That Defendant M Pittman (hereinafter referred to as "Pittman") is a law enforcement officer for the SPD.  At all times relevant, Pittman was acting under color of law and in the course and scope of his employment as a law enforcement officer with SPD.

## JURISDICTION AND VENUE

6.     That jurisdiction and venue are proper in this judicial circuit pursuant to S.C. Code Ann. §15-7-30(B).

7.     That Venue is proper because the Defendants reside there and the acts or omissions giving rise to Plaintiff's claims occurred in Greenville County.

## STATEMENT OF FACTS

8.     That Plaintiff was working as a maintenance man at New Aspen located in Greenville County.

9.     That while employed there, Plaintiff dealt with the properties' appliances.

10.     That there was a buildup of excess appliances that were no longer in use.

3

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

11. That Plaintiff recognized the excess and sought permission from his supervisor to take the excess for scrap.

12. That Justin Shockley, his supervisor, granted him permission to do so.

13. That Plaintiff removed the appliances from the property.

14. That James Glenn Mayhew was aware Justin Shockley had given Plaintiff permission because he showed Plaintiff a text between the two wherein Shockley confirmed Plaintiff had his permission to remove excess, the antiquated appliances.

16, That Plaintiff, who had retired from his 20-year career in law enforcement, was arrested for Breach of Trust Greater than $2,000.00 and 2nd Degree Burglary.

17. That Defendant Pittman did no investigation, merely parroting what Mayhew had told him.

18. That Mayhew videoed Plaintiff taking the appliances and told law enforcement he was stealing them.

19. That Mayhew knew Plaintiff's actions had been approved by Justin Shockley.

20. That Defendants' failure to perform any sense of an investigation ruined a solid reputation built on a career in public service.

21. That Plaintiff is entitled to recover significant actual and punitive damages for the reckless actions of Defendants.

**FOR A FIRST CAUSE OF ACTION**
**Violation of 42 USC §1983**
**Unlawful Arrest and False Imprisonment**

22. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-21 above.

23. That M. Pittman, while acting as an agent and employee for the City in his capacity

4

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

as a police officer, owed a duty to Plaintiff to perform a thorough and diligent investigation of the alleged crimes.

24.    That by the facts and actions described below, Defendants failed to establish probable cause for Plaintiff's arrest:

      a.    By conducting a haphazard investigation as to the burglary;

      b.    By failing to interview Mr. Thompson;

      c.    By failing to interview Mr. Shockley;

      d.    By failing to do an independent investigation regarding Mr. Thompson's law enforcement background; and

      e.    By arresting first and asking questions later.

25.    That Defendants acted with malice or intent to harm Plaintiff when they did no independent investigation.

26.    That Pittman obtained an arrest warrant for Plaintiff despite there being evidence that his actions were lawful and condoned.

27.    That Plaintiff's confinement and arrest was unreasonable as it was based on false statements and as such, the arrest was conducted without probable cause.

28.    That while Defendant Pittman was acting under color of law as a deputy officer of Defendant SPD, he deprived Plaintiff of the rights secured to him under the Fourth Amendment to the United States Constitution.

29.    That the conduct of Mayhew, Defendant Pittman, Defendant Kellett and Simpsonville PD, working on behalf of the City, violated Plaintiff's established rights to be free from unreasonable and unlawful arrest and imprisonment as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 USC §1983 provides a remedy.

5

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

30.     That as a direct and proximate result of the reckless, willful and wanton acts of all Defendants, Plaintiff suffered mental distress, humiliation and other emotional injuries, all to his damages, in an amount to be proven at trial.

## FOR A SECOND CAUSE OF ACTION
### Malicious Prosecution

31.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-30 above.

32.     That Defendant Hill, Kellett and SPD, on behalf of City, commenced the institution of the burglary charges against Plaintiff by arresting him, despite the fact Plaintiff's actions had been authorized by his superior.

33.     That Plaintiff's charges hovered over him until 2024 when they were dismissed without an indictment being presented by the State.

34.     That the detention, arrest and prosecution of Plaintiff were without probable cause, and/or were presented under false representation.

35.     That there was malice in the institution of the case against Plaintiff since Mayhew, Pittman, Kellett, SPD, and City, deliberately, willfully and wantonly disregarded and overlooked the Plaintiff's explanation for the acquisition of the appliances.

36.     That as a direct and proximate result of the reckless, willful and wanton acts of Defendants, Plaintiff sustained mental distress, humiliation and other emotional injuries, all to his damage, in an amount to be proven at trial.

## FOR A THIRD CAUSE OF ACTION
### Negligent Hiring, Negligent Retention, Negligent Supervision, and Negligent Infliction of Emotional Distress
#### (Defendants New Aspen Management d/b/a GVA and Simpsonville Police Department)

37.     Plaintiff re-alleges and incorporates herein by reference the allegations contained

6

in paragraphs 1-36 above.

38.    That at all times relevant, Defendants Simpsonville Police Department and the City had a duty to properly train, supervise, and discipline their employees or agents.

39.    That Defendants breached that duty, in part by:

   a.  Improperly training, authorizing, encouraging or directing officers on proper use of investigation tools;

   b.  Failing to investigate the allegations of burglary;

   c.  Failing to discipline officers for violations of policy related to investigations of burglary;

   d.  Failure to address racially motivated practices; failure to discipline for racially motivated practices; failure to provide training to eradicate racially motivated practices; and

   e.  Fostering and facilitating a racially biased culture which pervades the department.

40.    That the policy, pattern of practice, or custom of condoned misconduct is implicitly or blatantly sanctioned, as evidenced by the conduct of Pittman, Kellett, SPD, and the City's failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiffs' constitutional rights.

41.    That this unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as Plaintiff.

42.    That Defendants SPD and City failed to take adequate corrective actions to end this policy, pattern of practice, or customs within their respective entities.

7

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

43.     That by tolerating the misconduct, and the failure to end this policy, pattern of practice, or custom it was the proximate cause to the injuries suffered by Plaintiff.

44.     Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages.

45.     Defendants were grossly negligent and reckless in failing to adequately hire, train, and supervise its employees.

46.     The aforesaid failure by Defendants proximately caused injuries and damages to the Plaintiffs.

47.     Plaintiffs are informed and believe that they are entitled to a judgement against Defendants, jointly and severally, for actual and punitive damages in such fair, just and reasonable amount as may be determined by the Trier of Fact.

### FOR A FOURTH CAUSE OF ACTION
### Intention Infliction of Emotional Stress

48.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-47 above.

49.     That by the act of misrepresenting evidence, arresting and incarcerating Plaintiff without reasonable grounds and with no probable cause, and despite the implicit knowledge that Plaintiff had permission to take the appliances, Defendants intended to cause and did cause him to suffer severe emotional distress.

50.     That the actions of Defendants were done with willful, wanton and reckless disregard as to whether the accusations of burglary and the statements relayed to the judge were false or incomplete.

51.     That considering Defendants intentionally provided incomplete information to the

8

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

judge to procure an arrest warrant, the conduct exceeded possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

52.     That the failure of Defendants Kellett and Pittman to conduct a thorough investigation and failure to adhere to policy and procedure resulted in Plaintiff's intentional infliction of emotional stress.

53.     That to the extent that said outrageous conduct was perpetrated by any of the Defendants, those remaining adopted and ratified said conduct with a wanton disregard for the harmful consequences to Plaintiff.

### FOR A FIFTH CAUSE OF ACTION
### Defamation per se against Defendants

54.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-53 above.

55.     Defendants are vicariously liable for the acts of their agents/employees acting within the course and scope of their employment.

56.     The acts and conduct described above constitute false statements made by Defendants accusing the Plaintiff of a crime and/or of unlawful activity. As such, the statements are defamatory on their face.

57.     The false and defamatory statements were published by Defendants to third parties and made part of public records.

58.     There was fault on the part of Defendants in publishing these statements as they did so with knowledge of their falsity and/or reckless disregard as to whether or not they were true.

9

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846

59. As a direct and proximate cause of this defamation, Plaintiff suffered harm as caused by the publication of the false statements and/or the conduct would be actionable irrespective of any special harm.

## DAMAGES

60. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-59 above.

61. That as a direct and proximate cause of the reckless, willful and wanton conduct of the Defendants as described above, the Plaintiff has suffered actual and consequential damages, including but not limited to:

a. Emotional Injury;

b. Psychological Injury;

c. Mental Anguish and Distress;

d. Apprehension and Anxiety;

e. Out-of-Pocket Expenses;

f. Lost income/sales revenue;

g. Pain and Suffering;

h. Attorney Fees and Court Costs in Defending the Criminal Charges; and,

i. Injury to Reputation and Standing in the Community;

j. Embarrassment;

k. Personal Humiliation;

62. Such other and further relief as a jury or the Court may deem appropriate.

**WHEREFORE** having fully set forth the grounds of his complaint Plaintiff asks this

court to award compensatory damages in an appropriate amount and such other and further relief

as this court deems just and proper.

_**s/Donald L. Smith**_
Donald L. Smith (SC Bar #6699)
Attorney for Plaintiff
2722 West Whitner Street
Anderson, SC 29626
Telephone: (864)642-9284
Facsimile: (864)642-9285
Email: attorneydonaldsmith@gmail.com

Anderson, South Carolina
March 25, 2026.

ELECTRONICALLY FILED - 2026 Apr 16 12:54 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2300846